IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RALPH W. WAY, SR., ) | |
|     Plaintiff, ) | |
| v. ) | 2:10-cv-0460 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
|     Defendant. ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

March 11, 2010

**I.**     **Introduction**

Plaintiff, Ralph Way, Sr. ("Plaintiff"), brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c), for judicial review of the final determination of the Commissioner of Social Security ("Commissioner") which denied his applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"), under Title II and XVI of the Social Security Act ("Act"), 42 U.S. C. §§401-403; 1381-1383(f).

**II.**     **Background**

    **A.**     **Facts**

Plaintiff was born on July 30, 1955, and was 53 years old on the date of his administrative hearing. (R. 59, 138, 170).[1] He has an eleventh-grade education and is able to read, write, and do simple math. (R. 63). Plaintiff's past relevant work experience includes

---

[1] The recitation of relevant facts by the Court is derived from the transcript of the administrative record filed by the Commissioner as part of his answer in accordance with § 42 U.S.C. § 405(g), which is referred to hereinafter as (R.__).

1

employment as a janitor from 1992-1996 and as a laborer from 1990-1992, 1996-2000, and 10/2005 – 11/2006. (R. 143). The vocational expert testified that these jobs are classified as semi-skilled and involve medium or heavy exertional work. (R. 87).

Plaintiff has not worked or engaged in substantial gainful work activity since November 14, 2006, when he suffered a heart attack. (R. 63, 214). Plaintiff testified at his administrative hearing that he continues to suffer from chest pain, fatigue, breathing problems, and hip pain associated with cold weather. (R. 64-68, 77-78).

The record reflects that Plaintiff has not engaged in substantial gainful work activity since November 14, 2006. (R. 63).

**B.** **Procedural History**

Plaintiff protectively applied for SSI and DIB on November 27, 2006.[2] (R. 9). The claims were denied on June 21, 2007, and Plaintiff filed a timely written request for a hearing on that same date. An administrative hearing was held on January 13, 2009, before Administrative Law Judge Anne W. Chain ("ALJ"). Plaintiff was represented by counsel and testified at the hearing. Also testifying at the hearing was Frances N. Kinley, M.Ed., an impartial vocational expert ("VE").

On February 4, 2009, the ALJ rendered a decision that was unfavorable to Plaintiff. The ALJ determined that Plaintiff's coronary artery disease, chronic obstructive pulmonary pulmonary disease ("COPD"), post fractured pelvis, degenerative disc disease, and alcohol

---

2 The record reflects that Plaintiff had filed prior applications for SSI and DIB, the most recent of which was denied by determination issued on April 30, 2001. As the ALJ noted, no reason has been established

2

abuse were "severe" impairments, but that these impairments did not meet or medically equal the criteria of an impairment listed in Appendix 1, Subpart P, Part 404, CFR. The ALJ found that Plaintiff retained the residual functional capacity to perform light work except he is limited to no more than occasional pushing and pulling in the lower extremities and upper extremities; no concentrated exposure to fumes, odors, dusts, gases, and poor ventilation, no exposure to temperature extremes, no more than occasional climbing, and can sit-stand at will, and, therefore, was not "disabled" within the meaning of the Act. (R. 13-20.) The ALJ's decision became final on March 5, 2010, when the Appeals Council denied Plaintiff's request to review.

On April 9, 2010, Plaintiff filed his Complaint in this Court in which he seeks judicial review of the decision of the ALJ. The parties have filed cross-motions for summary judgment. Plaintiff argues that the ALJ erred in (i) failing to give proper weight to the report of Rahat M. Chaudhry, M.D., and (ii) failing to accurately describe all of Plaintiff's limitations in the hypothetical question posed to the vocational expert. The Commissioner contends that the decision of the ALJ should be affirmed as it is supported by substantial evidence.

After a careful review of the entire record, the Court finds that the ALJ failed to consider relative, probative evidence, specifically the report of Dr. Chaudhry, and, as result, did not proffer a hypothetical question to the VE which accurately set forth all of Plaintiff's specific work-related limitations. Therefore, this matter will be remanded to the

---

for reopening or disturbing that determination or any other prior determination.

Commissioner for reconsideration, rehearing, and/or further proceedings consistent with this Memorandum Opinion. 42 U.S.C. § 405(g); *Benton v. Bowe*, 820 F.2d 85, 89 (3d Cir. 1987).

### III. Legal Analysis

#### A. **Standard of Review**

The Act limits judicial review of disability claims to the Commissioner's final decision. 42 U.S.C. §§ 405(g); 42 U.S.C. § 1383(c)(3). If the Commissioner's finding is supported by substantial evidence, it is conclusive and must be affirmed by the Court. 42 U.S.C. § 405(g); *Schaudeck v. Comm'n of Soc. Sec. Admin.,* 181 F.3d 429, 431 (3d Cir. 1999). The Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). It consists of more than a scintilla of evidence, but less than a preponderance. *Stunkard v. Secretary of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988).

When resolving the issue of whether an adult claimant is or is not disabled, the Commissioner utilizes a five-step sequential evaluation. 20 C.F.R. §§ 404.1520 and 416.920 (1995). This process requires the Commissioner to consider, in sequence, whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work. *See* 42 U.S.C . § 404.1520; *Burnett v.*

*Commissioner of Social Security*, 220 F.3d 112, 118-19 (3d Cir. 2000) (*citing Plummer v. Apfel*, 186, F.3d 422, 428 (3d Cir. 1999)).

To qualify for disability benefits under the Act, a claimant must demonstrate that there "exists a medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period." *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. § 423 (d)(1)(1982). This may be done in two ways:

>(1) by introducing medical evidence that the claimant is disabled *per se* because he or she suffers from one or more of a number of serious impairments delineated in 20 C.F.R. Regulations No. 4, Subpt. P, Appendix 1. *See Heckler v. Campbell*, 461 U.S. 458 (1983); *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777; or,

>(2) in the event that claimant suffers from a less severe impairment, by demonstrating that he or she is nevertheless unable to engage in "any other kind of substantial gainful work which exists in the national economy . . . ." *Campbell*, 461 U.S. at 461 (citing 42 U.S.C. § 423 (d)(2)(A)).

In order to prove disability under the second method, a claimant must first demonstrate the existence of a medically determinable disability that precludes the claimant from returning to his or her former job. *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777. Once it is shown that claimant is unable to resume his or her previous employment, the burden shifts to the Commissioner to prove that, given claimant's mental or physical limitations, age, education and work experience, he or she is able to perform substantial gainful activity in jobs available in the national economy. *Stunkard*, 842 F.2d at 59; *Kangas*, 823 F.2d at 777; *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986); *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979).

Where a claimant has multiple impairments which may not individually reach the level of severity necessary to qualify as an impairment delineated in 20 C.F.R. Regulations No. 4, Subpt. P, Appendix 1, the Commissioner nevertheless must consider all of the impairments in combination to determine whether, collectively, they meet or equal the severity of one of these listed impairments. *Bailey v. Sullivan*, 885 F.2d 52 (3d Cir. 1989) ("in determining an individual's eligibility for benefits, the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.")

In this case, the ALJ determined that Plaintiff was not disabled within the meaning of the Act at the fifth step of the analysis. The ALJ based this conclusion on her finding that with vocational adjustment to work there were a significant number of light duty jobs in the national economy that Plaintiff could perform. (R. 21-22).

**B.     Discussion**

As set forth in the Act and applicable case law, this Court may not undertake a de novo review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190 (3rd Cir. 1986), *cert. denied.*, 482 U.S. 905 (1987). The Court must simply review the findings and conclusions of the ALJ to determine whether they are supported by substantial evidence. 42 U.S.C. § 405(g); *Schaudeck v. Comm'n of Soc. Sec. Admin.,* 181 F.3d 429, 431 (3d Cir. 1999).

1. *The Consulting Report of Rahat Chaudhry, M.D.*

Dr. Chaudhry examined Plaintiff on April 23 2007, at the behest of the Commissioner. He took an extensive personal history from Plaintiff, performed a physical examination, and reviewed past diagnostic studies of the Plaintiff. During the examination, Plaintiff complained that he continued to experience some discomfort with lifting and shortness of breath on exertion, but denied having chest pain or a history of asthma. He also complained of pain in his lower back and right thigh area. Dr. Chaudhry noted that Plaintiff had decreased range of motion in his right hip, cervical and lumbar spine, shoulders, elbows, wrists and knees, as well as decreased muscle strength and sensation in his right lower extremity. (R. 519-20).

Dr. Chaudhry performed a pulmonary function study on Plaintiff which revealed a "mild" obstructive defect suggestive of COPD.

As part of the evaluation, Dr. Chaudhry also reviewed Plaintiff's prior diagnostic studies. Dr. Chaudhry found that Plaintiff suffered from coronary artery disease post coronary artery bypass graft surgery, had a history of hypertension and hyperlipidemia, had been involved in a motor vehicle accident which resulted in trauma to his lower spine with evidence of radiculopathy, and had COPD. (R. 528). Dr. Chaudhry also found that Plaintiff's echocardiogram showed " left atrium was normal. Left ventricular is normal size. There is , concentric left ventricular hypertrophy over the left Axiom. Left ventricular ejection fraction 45% to 50%." (R. 527). He also found a stress study done post bypass revealed normal perfusion without any evidence of infarction ischemia; x-rays revealed degenerative disease and bilateral pleural effusion; an EMG revealed distal symmetric polyneuropathy, right median

7

neuropathy, and L5-S1 radiculopathy on the right and left side; and pulmonary testing reflected a mild obstructive defective, with an MV that was severely reduced, which could have been secondary to effort. (R. 527).

On April 23, 2007, Dr. Chaudhry completed a functional capacity assessment form regarding Plaintiff's ability to perform work-related physical activities, in which he concluded as follows: Plaintiff could lift and carry 25 pounds occasionally, but could carry 10 to 20 pounds frequently;[3] was limited in his ability to stand and walk for a maximum of four (4) hours a day in an eight-hour workday; and his ability to sit was unlimited. (R. 517).

Dr. Chaudhry also opined that Plaintiff was further limited in his ability to push or pull with his lower extremities, could only climb occasionally, and must avoid exposure to poor ventilation, temperature extremes, dust, fumes, odors, and gasses. Dr. Chaudhry noted that Plaintiff "<u>could increase activity in 4-6 weeks</u>." (*Id*., emphasis added.)

On April 30, 2007, Dr. Chaudhry completed a supplemental questionnaire in which he indicated that Plaintiff had no abnormalities of gait, mild decrease in muscle strength in the right leg, and decrease sensation in the right leg.

Plaintiff argues that the ALJ failed to reconcile or even address the assessment of Dr. Chaudhry that Plaintiff would only be able to stand or walk four (4) hours maximum in an eight-hour day.

---

3 "Occasionally" is defined as "occurring from very little up to one-third of an 8-hour work day (cumulative, not continuous)." "Frequently" is defined as "occurring one-third to two-thirds of an 8-hour workday (cumulative, not continuous)." (R. 539). Social Security Ruling 83-10 states that "the full range of light work requires standing or walking, off and on, for six hours per day of an 8-hour workday."

2.   *The Consulting Report of Frank S. Bryan, M.D.*

On May 31, 2007, Frank S. Bryan, M.D., a physician consultant who worked with the State agency, performed a review of Plaintiff's medical file, but did not physically examine him. Dr. Bryan found that the medical evidence established that Plaintiff had a medically determinable impairment of coronary artery disease post myocardial infarc post quadruple coronary bypass, COPD, degenerative lumbar disc disease, and hypertension. (R. 539 - 544).

Dr. Bryan completed a Physical Residual Functional Capacity Assessment form in which he opined that that Plaintiff could perform a wide-range of light work despite his multiple impairments. Dr. Bryan opined that Plaintiff could lift and/or carry 20 pounds occasionally and 10 pounds frequently; was limited in pushing and/or pulling within his lifting and/or carrying restrictions; frequently do postural activities; and should avoid concentrated exposure to fumes, odors, dusts, gases and poor ventilation. Dr. Bryan opined, however, that Plaintiff was unlimited in his exposure to extreme temperatures. (R. 539-42). Furthermore, although Dr. Chaudhry found that Plaintiff could stand/sit for a maximum of four (4) hours a day, Dr. Bryan found, without explanation, that Plaintiff's ability to stand/walk was about six (6) hours, each, in an eight-hour workday.

Dr. Bryan specifically stated that he had considered the report of Rahat M. Chaudhry, M.D., and that his own residual functioning capacity assessment was consistent with the opinion of Dr. Chaudhry. However, the Court finds that there is a fundamental problem with this statement. First, Dr. Chaudhry, after examining Plaintiff, concluded that Plaintiff could stand/walk for only four (4) hours in an eight-hour workday; however, Dr. Bryan concluded,

after reviewing the medical records only, that Plaintiff could stand/walk for six (6) hours in an eight-hour workday. Dr. Bryan did not reference any medical evidence of record which supported his conclusion that Plaintiff's ability to stand/walk had been increased to six (6) hours. Further, Dr. Chaudhry found that Plaintiff should avoid temperature extremes; however, Dr. Bryan found that Plaintiff was unlimited in his exposure to extreme cold and extreme heat.

      3.    *The Residual Functional Capacity Determination of the ALJ*

As noted *supra*, the ALJ concurred with Dr. Bryan's conclusions and found that Plaintiff had the residual functional capacity to perform light work, with restrictions. The ALJ included these requirements in her hypothetical question to the VE. Consistent with the opinion of Dr. Bryan, the ALJ found that Plaintiff was able to stand/walk for a total of about six (6) hours in an 8-hour work day. While the ALJ acknowledged that she had reviewed the medical records of Dr. Chaudhry, the ALJ did not discuss how or why Dr. Chaudhry's opinions were consistent with her decision to deny benefits.

Moreover, the ALJ relied upon the VE's testimony concerning Plaintiff's residual functional capacity which failed to take into account Dr. Chaudhry's opinion that Plaintiff was limited to a maximum stand/walk option of four (4) hours. On cross-examination, the VE specifically testified that all of the jobs that she had identified in response to the ALJ's hypothetical question require "either a standing or walking for at least four hours minimum. . . . Every employer's needs are going to be a little different. But to be fair, between four and six hours, I would say." (R. 92.) *See Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984)

(instructing that it is error to rely on a vocational expert's testimony if the hypothetical does not accurately portray the individual's physical and mental impairments).[4]

While the ALJ acknowledged Dr. Chaudhry's functional capacity assessment (including the notation that Plaintiff could increase activities in 4-6 weeks), the ALJ provided no medical support that Plaintiff's ability to stand/walk had increased from the maximum four (4) hour limitation assessed by Dr. Chaudhry. Between May 2007 and August 2008, Plaintiff was seen by four different physicians, none of whom addressed Plaintiff's residual functional capacity or suggested that he could stand/walk for a total of about six (6) hours in an 8-hour work day.[5] In sum, the ALJ cited no medical support for her conclusion that Plaintiff could perform this exertional requirement of light work. *See* SSR 96-8p ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) . . . .").

The Court finds that the record as it currently exists contains as ambiguity as to Plaintiff's residual functioning capacity which the ALJ has failed to address, specifically with regard to the conflict between Dr. Chaudhry and Dr. Bryan's expressed opinions as to Plaintiff's stand/walk limitations. Accordingly, the Court will remand the matter to the

---

[4] The ALJ acknowledged that the VE was asked additional questions on cross-examination in which she was to assume further limitations. However, the ALJ found that the Plaintiff had the capacity to work within the parameters of the limited residual functional capacity as found by the ALJ and, thus, found the VE's testimony in this regard was not determinative.

[5] Plaintiff was seen by Daniel Crable, M.D.; Peter Gagianas, M.D.; Neelum Sharma, M.D.; and Daniel A. Rubin, M.D.

Commissioner in order to develop the record with regard to the effect of the opinion of Dr. Chaudhry regarding Plaintiff's residual functional capacity.

**IV.**     **Conclusion**

When reviewing a decision of the Commissioner to deny benefits, it is not this Court's function to substitute its judgment for that of the Commissioner. The Commissioner's decision in the present case may otherwise be correct and nothing in this Memorandum Opinion should be taken to suggest that the Court has presently concluded otherwise. However, in the absence of sufficient indication that the ALJ considered all the medical evidence of record, including the stand/walk limitations as expressed by Dr. Chaudhry in his Residual Functioning Report, the Court cannot satisfy its obligation to determine whether or not the Commissioner's decision is supported by substantial evidence. Accordingly, this case will be remanded to the Commissioner for further consideration and/or proceedings consistent with this Memorandum Opinion.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RALPH W. WAY, SR., ) | |
|       Plaintiff, ) | |
|       v. ) | 2:10-cv-0460 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
|       Defendant. ) | |

## ORDER OF COURT

**AND NOW**, this 11th day of March, 2011, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED, AND DECREED** that:

1. The Motion for Summary Judgment filed by Plaintiff, Ralph W. Way, Sr., is **GRANTED**;

2. The Motion for Summary Judgment filed by Defendant, Michael J. Astrue, Commissioner of Social Security is **DENIED**;

3. This case is **REMANDED** to the Commissioner for further consideration and/or proceedings consistent with the foregoing Memorandum Opinion of the Court; and

4. The Clerk shall docket this case closed forthwith.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Lindsay Fulton Brown, Esquire
Email: lindsay@mydisabilityattorney.com

Paul Kovac,
Assistant U.S. Attorney
Email: paul.kovac@usdoj.gov